IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODNEY THOMPSON,<br><br>        Plaintiff,<br><br>vs.<br><br>CHI HEALTH GOOD SAMARITAN HOSPITAL,<br><br>        Defendant. | 8:16CV160<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff's motion for leave to file an amended complaint. (Filing No. 21). For the following reasons, the motion will be granted.

BACKGROUND

Plaintiff filed a complaint against CHI Health Good Samaritan Hospital ("Good Samaritan") on March 29, 2016, alleging a violation of the Fair Labor Standards Act and seeking unpaid wages pursuant to the Nebraska Wage Payment and Collection Act. (Filing No. 1-1). The case was removed to federal court on April 13, 2016. (Filing No. 1).

During the parties' planning conference, counsel for plaintiff informed counsel for Good Samaritan that Plaintiff intended to file an amended complaint once he received the right-to-sue letters from the EEOC and the NEOC. (Filing No. 27, at CM/ECF p. 2). The parties thereafter filed their 26(f) report and on June 10, 2016, the court entered its Final Progression Order consistent with the parties' report. (See Filing Nos. 13, 15). On July 6, 2016, the undersigned held a telephonic conference with the parties. During this conference, counsel for Plaintiff orally requested an extension of the deadline to move to amend the pleadings as he had not yet received the right-to-sue letters. The court granted the motion and extended the deadline for moving to amend the pleadings to July 29,

2016.  (Filing No. 19).  On July 29, 2016, Plaintiff timely filed the instant motion. (Filing No. 21).

## ANALYSIS

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003).  But there is no absolute right to amend a pleading.  Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003).  The court will deny a motion for leave to amend as futile if the Plaintiff's proposed complaint fails to state a claim under the pleading standard described in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), thereby rendering the complaint subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010).

A complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  The court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of Iqbal and Twombly."  Whitney v. Guys, 700 F.3d 1118, 1128-29 (8th Cir. 2012).  The question at this preliminary stage is not whether the plaintiff might be able to prove his claim, but whether the has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims.  Whitney, 700 F.3d at 1128-29.

Plaintiff's proposed amended complaint alleges several new claims, including a claim alleging the defendant violated Title VII of the Civil Rights Act and the Nebraska Fair Employment Act.  Specifically Plaintiff alleges he was discriminated against "for not conforming to sex stereotypes about how men are expected to present themselves" and

2

that he suffered disparate treatment because he was a homosexual male. (Filing No. 21-1, at CM/ECF p. 4, 5). Good Samaritan claims that Thompson's Title VII claim is futile because non-conformance to a sexual stereotype is not a recognized type of discrimination and that Thompson otherwise fails to plead facts establishing a prima facie case for sex discrimination.

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of . . . sex[.]" 42 U.S.C. § 2000e-2(a)(1). The United States Supreme Court as well as the Eighth Circuit have recognized that sex stereotyping can violate Title VII when it influences employment decisions. See Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Lewis v. Heartland Inns of Am., LLC, 591 F.3d 1033 (8th Cir. 2010). To state a sex stereotyping claim, the plaintiff must plead facts showing his non-conformance to sex stereotypes was a motivation for the adverse employment action. Lewis, 591 F.3d at 1041. Evidence of this motivation may be shown through statements made by the employer that directly concern the employee's gender and non-conformance with stereotypes or by the timing of the adverse employment action in relation to when the plaintiff began showing non-stereotypical behaviors. See Jespersen v. Harrah's Operating Co., Inc., 444 F.3d 1104, 1113 (9th Cir. 2006).

However, neither Nebraska law nor Title VII encompass discrimination based upon sexual orientation. See Neb. Rev. Stat. §§ 48-1114 et seq; see also Hively v. Ivy Tech Community College, No. 15-1720, 2016 WL 4039703 (7th Cir. July 28, 2016); Dingle v. Bimbo Bakeries USA/Entenmann's, 624 Fed. Appx. 57 (2d Cir. 2015);; Brandon v. Sage Corp., 808 F.3d 266, 270 n.2 (5th Cir. 2015); Kalich v. AT&T Mobility, LLC, 679 F.3d 464 (6th Cir. 2012); Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 142 (4th Cir. 1996); but see Baldwin v Foxx, Appeal No. 0120133080, 2015 WL 4397641 (EEOC 7/15/15) (EEOC opinion holding that discrimination on the basis of sexual orientation is encompassed within Title VII). While a significant amount of case law following Price included the discrimination of gay or lesbian plaintiffs, these types of

3

claims are only successful if the plaintiffs can carve out discrimination based upon sexual stereotypes from discrimination based upon their sexual orientation. Hively, 2016 WL 4039703 at *5.

Plaintiff's proposed amended complaint alleges a sex discrimination claim on the basis of sex stereotype and states the following:

- He is a male who does not conform to sexual stereotype regarding how men are present themselves in physical appearance, actions, and behaviors (filing no. 21-1, ¶ 10 at CM/ECF p. 2);

- He was subjected to discriminatory and stereotypical language and treated poorly after appearing at a social event with a male rather than a female,[1] (id. ¶ 11, 12 at CM/ECF pp. 2–3);

- His employment was terminated shortly after these events;

- His performance was satisfactory during his employment with the defendant (id. ¶ 9 at CM/ECF p. 2).

Accepting these facts as true, the court finds Plaintiff's proposed amended complaint states a claim for recovery based on sexual stereotyping.

Good Samaritan also claims it would be prejudiced if Thompson were allowed to amend and add his COBRA and defamation claims.

Regarding prejudice, the court should consider whether the amendment "requires re-opening discovery, additional costs, and substantial changes to the course of the case[.]" White Cap. Constr. Supply, Inc. v. Tighton Fastner & Supply Corp., 8:08cv264, 2010 WL 3636263 (D. Neb. Sept. 9, 2010). Because of the liberal amendment policy of Rule 15, any existing prejudice must outweigh plaintiff's right to have the new facts and

---

[1] The complaint alleges he appeared at a social event with his same sex partner. While this allegation could be attempting to raise a discrimination claim based on sexual orientation—which does not exist—the underlying fact (appearing at events with a male instead of a female guest) may also support a sexual stereotype claim.

claims heard on the merits.  See Naylor v. Rotech Healthcare, Inc., 679 F. Supp. 2d 505, 509 (D. Vt. 2009); Jeter v. Montgomery County, 480 F Supp. 2d 1293 (MD Ala. 2007); Assam v. Deer Park Spring Water, 163 FRD 400 (ED NY 1995); UNR Industries, Inc. v. Continental Ins. Co., 623 F.Supp 1319 (ND Ill. 1985) (superseded on other grounds).

This case was originally filed in March of this year.  The final progression order was entered on June 10 and discovery began thereafter. And Thompson's motion for leave to amend was timely filed according to the Court's July 6th order.  Good Samaritan does not show, nor can the court see, how it would be unduly prejudiced by allowing the addition of new claims at this early stage in the proceedings.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to file an amended complaint, (Filing No. 21), is granted;

2) Plaintiff's Amended Complaint, a copy of which is attached to his motion, shall be filed on or before October 3, 2016.

Dated this 27th day of September, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

5